The Honorable George E. Butler, Jr. County Attorney Washington County 280 North College, Suite 501 Fayetteville, AR 72701
Dear Mr. Butler:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of a document captioned "Agreement for Ambulance Services" (hereinafter "Agreement").[1] You have submitted a copy of the Agreement, under the terms of which Washington County and the cities of Elkins, Farmington, Fayetteville, Goshen, Greenland, Lincoln, Prairie Grove, West Fork, Winslow and Johnson agree that the creation of an ambulance authority or similar entity is in the best interests of the parties.
The Interlocal Cooperation Act, A.C.A. § 25-20-101 through-108 (Repl. 2002 Supp. 2007) provides for cooperative enterprises between or among "public agencies" — a term defined as including any "political subdivision of this state." A.C.A. § 25-20-103(1)(B) (Supp. 2007). This designation plainly applies to all parties to the proposed agreement.
The Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) Its duration;
(2) The precise organization, composition, and nature of any separate legal or administrative entity created thereby, together with the powers delegated to it, provided that the entity may be legally created;
(3) Its purposes;
(4) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget therefor;
(5) The permissible methods to be employed in accomplishing the partial or complete termination of the agreement and for disposing of property upon the partial or complete termination; and
(6) Any other necessary and proper matters.
A.C.A. § 25-20-104(c) (Repl. 2002).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
(1) Provisions for an administrator or a joint board responsible for administering the joint or cooperative undertaking. In the case of a joint board, public agencies party to the agreement shall be represented; and
(2) The manner of acquiring, holding, and disposing of real and personal property used in the joint or cooperative undertaking.
Id. at (d).
I am required by law to review the Agreement you have submitted for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state. A.C.A. § 25-20-104(f)(1). Having analyzed the Agreement, I find that it in proper form in accordance with the Interlocal Cooperation Act and that it is compatible with the laws of this state. It is therefore hereby approved.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I note that in addition to citing A.C.A. § 25-20-101, the proposed interlocal agreement cites A.C.A. § 14-14-910 as authority for the undertaking. In this regard, please note that interlocal agreements entered into under the authority of A.C.A. § 14-14-910 are not required to be submitted to the Attorney General for approval, unless a state or a state agency is a party to the agreement. See Op. Att'y Gen. 2006-077
(and opinions cited therein). This is in contrast to A.C.A. § 25-20-104, which requires the Attorney General's approval of all agreements entered into under the provisions of A.C.A. § 25-20-101 et seq. Because neither the state nor any state agency is a party to the agreement at issue, my review is pursuant to A.C.A. § 25-20-101 et seq.